UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BRANDY MICHELLE BALL,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**SOCIAL SECURITY** )<br>**ADMINISTRATION** )<br>**COMMISSIONER,** )<br>)<br>Defendant. ) | Civil Action Number<br>**7:14-cv-02089-AKK** |

# MEMORANDUM OPINION

Brandy Ball brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision – which has become the decision of the Commissioner – is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I.  Procedural History

Ball filed her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on December 12, 2010, alleging a disability onset date of December 13, 2010 (which she later amended to May 1, 2012), due to

1

high blood pressure, back, feet, and joint pain, depression, and ods [sic].  (R. 44, 143).  After the SSA denied her application, Ball requested a hearing before an ALJ.  *Id*.  The ALJ subsequently denied Ball's claim, (R. 41), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-3).  Ball then filed this action pursuant to §205(g) of the Act, 42 U.S.C. §405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. §405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. §416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. §416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Ball had not engaged in substantial gainful activity since May 1, 2012, the alleged onset date, and therefore met Step One. (R. 46). Next, the ALJ found that Ball satisfied Step Two because she suffered from the "severe" impairments of lumbago; arthritis;

4

hypertension; morbid obesity; and major depressive disorder. *Id.* The ALJ then proceeded to the next step and found that Ball did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 47). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four where he determined that Ball has the residual functional capacity (RFC) to "perform sedentary work . . . except that she is limited to no more than occasional contact with coworkers and she should work with data as opposed to people." (R. 51). In light of Ball's RFC, the ALJ determined that Ball "is unable to perform any past relevant work." (R. 53). Lastly, in Step Five, the ALJ considered Ball's age, education, work experience, and RFC, and determined that "there are jobs that exist in significant numbers in the national economy that [Ball] can perform." (R. 54). Therefore, the ALJ found that Ball had "not been under a disability, as defined in the Social Security Act, from May 1, 2012, through the date of [the ALJ] decision." (R. 55).

## V. Analysis

Ball takes issue with the ALJ's evaluation of the opinion of examining psychologist Dr. John R. Goff. *See* doc. 5 at 4-12. As shown below, none of Ball's contentions establishes that the ALJ committed reversible error.

*1. The ALJ properly evaluated the opinion of Dr. Goff*

Ball first contends that the ALJ focused on only one aspect of the evidence and failed to properly evaluate the opinion of Dr. Goff. Doc. 8 at 6. Dr. Goff conducted a consultative psychological examination of Ball and opined that Ball "is functioning within the low average range of psychometric intelligence," (R. 370), and has "marked" to "extreme" impairments in her ability to function, (R. 371-373). The court disagrees with Ball's contention that the ALJ should have given Dr. Goff's opinion great weight, *see* doc. 8 at 6, and finds that the ALJ properly evaluated Dr. Goff's opinion. As a threshold matter, the court notes that the record belies Ball's contention that the ALJ only focused on one aspect of the evidence and disregarded Dr. Goff's opinion. To the contrary, the ALJ states unequivocally that he "carefully and thoroughly reviewed the record as a whole," (R. 51), and discusses the specific findings in Dr. Goff's evaluation, *see* (R. 50). However, the ALJ gave no weight to Dr. Goff's opinion that Ball had "marked" to "extreme" impairments in her ability to function, (R. 371-373), because Ball's treating physician at Indian Rivers Mental Health Center, Dr. Kazi Ahmad, found that Ball only had "mild symptoms or some difficulty" in her ability to function[1], (R. 49, 358, 362); *see also* (R. 359, 361, 511) (longitudinal treatment with no change in diagnosis), and the substantial weight of the record revealed that Ball

---

[1] The ALJ correctly gave more weight to Dr. Ahmad. *See Boyd. V. Heckler*, 704 F.2d 1207 (11th Cir. 2983) (ALJ should give opinion of treating physician significant weight absent good cause).

only had mild difficulties with regard to concentration, persistence, or pace, and daily living. (R. 47-51). While Ball obviously would have preferred for the ALJ to adopt Dr. Goff's opinion, the opinion of a one-time examiner is not entitled to any special deference or consideration. *See* 20 C.F.R. §404.1502, 404.1527(c)(2); *Crawford v. Comm'r, of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) ("The ALJ correctly found that, because [Dr.] Hartig examined [Claimant] on only one occasion, her opinion was not entitled to great weight."). This is especially the case where, as here, the ALJ ultimately rejected Dr. Goff's opinion because he found it inconsistent with the record as a whole, including the records of Ball's treating physician. *See* (R. 50). As the ALJ succinctly put it, "I reject Dr. Goff's opinions, which are not consistent with or supported by the record as a whole." *Id.*[2]

### 2. *The ALJ committed no error by considering the purpose behind Dr. Goff's evaluation*

Ball's second contention is that the ALJ erred in considering and emphasizing that "[Ball] was examined by Dr. Goff not in an attempt to seek treatment for symptoms, but rather through attorney referral and in connection with an effort to generate evidence for the current appeal." Doc. 8 at 6 (quoting (R. 50)). According to Ball, "in the absence of <u>other evidence</u> to undermine the

---

[2] In light of this statement and the rest of the ALJ's decision, Ball's contention that the ALJ's decision is not based on substantial evidence because the ALJ failed to state the weight he gave to Dr. Goff's evaluation and opinion is unavailing.

credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." *Id*. at 7 (quoting *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (emphasis added). However, as discussed in section V(1) *supra*, the record, in fact, contains "other evidence" that undermines the credibility of Dr. Goff's opinion. Therefore, the ALJ committed no error in this case.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Ball is not disabled is supported by substantial evidence, and the ALJ applied the correct legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 3rd day of December, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE